IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM BISHOP
and JUANITA BISHOP,

        Plaintiffs,

v.

                                        CIVIL ACTION NO. 2:09-cv-01076
                                        (Honorable John T. Copenhaver, Jr.)

QUICKEN LOANS, INC.,
ONEWEST BANK, FSB, and
JOHN DOE HOLDER,

        Defendants.

## DEFENDANT ONEWEST BANK, FSB'S MOTION TO
## DISMISS COUNTS V AND VI OF THE FIRST AMENDED COMPLAINT

Comes now defendant OneWest Bank, FSB (hereinafter "OneWest"), by its counsel, R. Terrance Rodgers, of Allen Guthrie & Thomas, PLLC, and moves this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Counts V and VI of the *First Amended Complaint* of plaintiffs William Bishop and Juanita Bishop (hereinafter collectively referred to as "Plaintiffs"). OneWest seeks dismissal of Counts V and VI in their entirety as against OneWest for failure to state a claim against OneWest upon which relief can be granted, and to dismiss OneWest as a party defendant. In support of its *Motion*, OneWest states as follows.

1.      In their *First Amended Complaint*, as well as in their *Motion To Amend Complaint*, Plaintiffs have clarified that Counts I, II, III and IV of the *First Amended Complaint* are not asserted against OneWest and, therefore, no claim is stated against OneWest in any of those Counts.

2.      Count V of the *First Amended Complaint* asserts a claim for failure to provide "an account history" in supposed violation of state law.  However, OneWest is a federal savings bank subject to the supervision of the federal Office of Thrift Supervision (hereinafter "OTS").  See Exhibit A, which is a copy of web-site pages from the OTS's web-site, demonstrating that OneWest is under the supervision of the OTS because it is a federal savings bank [1]

3.      Because OneWest is a federal savings bank, the federal Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461 et seq. (hereinafter "HOLA"), and a certain regulation found at 12 C.F.R. § 560.2 promulgated by the OTS pursuant to the powers granted it by HOLA (hereinafter "Preemption Regulation"), preempt all claims which purport to regulate certain areas of law, including state laws purporting to regulate the servicing of mortgage loans.

4.      W.Va Code §46A-2-114(2) attempts to regulate the servicing of mortgage loans in that it requires a creditor, upon request, to provide a statement of certain specified information, namely "a written statement of the dates and amounts of payments made within the past twelve months and the total amount unpaid."

5.      Because W.Va Code §46A-2-114(2) attempts to regulate the servicing of mortgage loans by requiring certain servicing information to be provided when requested, it is preempted under HOLA and the Preemption Regulation and, therefore, Plaintiffs' claim in Count VI must be dismissed.

---

[1]OneWest moves this Court to take judicial notice of the official website of the OTS demonstrating that OneWest is a federal savings bank.  Judicial notice may be taken of official web-sites of federal agencies pursuant to Rule 201(b) of the Federal Rules of Evidence, and maybe be considered on a motion to dismiss without transforming the motion into one for summary judgment. Curcio v. Wachovia Mortg. Corp., 2009 WL 3320499 (S.D. Cal. 2009) and cases cited therein; Brackett v. Corinthian Mortgage Corporation, 2010 WL 1254705 (Bkrtcy. N.D. W.Va. 2010) and cases cited therein.

6.     Furthermore, Plaintiffs' letter to OneWest was not a request within the meaning of W.Va Code §46A-2-114(2). See Exhibit B, letter, dated April 2, 2009, from plaintiff William D. Bishop to OneWest.[2]

7.     In addition, plaintiff Juanita Bishop did not sign the Note for the December 2006 mortgage loan which forms the basis of Plaintiffs' claim in Count V.  As she did not sign that Note, she is not indebted thereon and the provision of the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-1-101 et seq., under which she asserts her claim in Count V does not apply to her.  See Exhibit C, copy of December 15, 2006 Note which is the mortgage loan note for the December 2006 mortgage loan which forms the basis of the claims Plaintiffs assert against OneWest.[3]

8.     Finally,    W.Va Code §46A-2-114(2), upon which Count V relies, violates constitutional due process requirements as it is void for vagueness in that:  (1) it fails to state a time by which a response must be made; and (2) it is impermissibly vague in that it requires that information on "amount unpaid" be provided.

9.     In Count VII of the *First Amended Complaint*, Plaintiffs assert a claim for an alleged violation of the federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. (hereinafter "TILA"), in particular 15 U.S.C. § 1641(f)(2), which requires a mortgage loan servicer to provide certain information regarding the holder of a mortgage loan to an "obligor."

---

[2] A court may consider, on a motion to dismiss, documents not attached to a complaint if they are central to the issues and their authenticity is not disputed. American Chiropractic Association v. Trigon Healthcare, Incorporated, 367 F.3d 212 (4th Cir. 2004).

[3]*See* footnote 2, *supra*.

10.     Plaintiffs did not make a written request for the identity of the holder of the mortgage loan within the meaning of 15 U.S.C. § 1641(f)(2) because the purported "written request" upon which they rely was an interrogatory served in the course of discovery in this civil action.[4]

11.     Moreover, plaintiff Juanita Bishop is not an "obligor" within the meaning of 15 U.S.C. § 1641(f)(2) since no credit was extended to her in any consumer credit transaction and, therefore, she can make no claim under 15 U.S.C. § 1641(f)(2), as she tries to do in Count VI.

12.     Finally, 15 U.S.C. § 1641(f)(2) is unconstitutionally void for vagueness for failing to establish a time frame within which the information requested must be provided.

WHEREFORE, as no claims are stated against OneWest in either Count V or Count VI of the *First Amended Complaint* upon which relief can be granted, those Counts must be dismissed and OneWest must be dismissed as a party defendant in this civil action.

ONEWEST BANK, FSB,

Defendant,

BY COUNSEL:


*/s/ R. Terrance Rodgers*
R. TERRANCE RODGERS (WVSB #3148)
ALLEN GUTHRIE & THOMAS, PLLC
P.O. Box 3394
Charleston, West Virginia 25333-3394
Tel:  (304) 345-7250
Fax:  (304) 345-9941
rtrodgers@agmtlaw.com

_____

[4]It should be noted that there is no time limit by which such information must be provided in 15 U.S.C. § 1641(f)(2). Furthermore, Plaintiffs, through their counsel, and outside the scope of discovery, verbally requested the identity of the current holder, which identity OneWest provided, also outside the scope of discovery. See Exhibit D attached hereto.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM BISHOP
and JUANITA BISHOP,

       Plaintiffs,

v.                                  CIVIL ACTION NO. 2:09-cv-01076
                                         (Honorable John T. Copenhaver, Jr.)

QUICKEN LOANS, INC.,
OneWest BANK, FSB, and
JOHN DOE HOLDER,

       Defendants.

## CERTIFICATE OF SERVICE

       I, R. Terrance Rodgers, counsel for defendant OneWest Bank, FSB, do hereby certify that

service of *Defendant OneWest Bank, FSB's Motion To Dismiss Counts V And VI Of The First*

*Amended Complaint* has been made upon counsel for plaintiffs William Bishop and Juanita Bishop

and upon counsel for defendant Quicken Loans Inc., by using the CM/ECF system, which will send

notification of such filing, on this the 26th day of April, 2010, as follows:

       Cynthia A. Majestro, Esquire
       Mountain State Justice, Inc.
       cynthia@msjlaw.org
            *Counsel for plaintiffs William Bishop and Juanita Bishop*

       Daniel F. Hedges, Esquire
       Mountain State Justice, Inc.
       dan@msjlaw.org
            *Counsel for plaintiffs William Bishop and Juanita Bishop*

       Bruce M. Jacobs, Esquire
       Spilman Thomas & Battle, PLLC
       bjacobs@spilmanlaw.com
            *Counsel for defendant Quicken Loans Inc.*

1

Nicholas P. Mooney II, Esquire
Spilman Thomas & Battle, PLLC
nmooney@spilmanlaw.com
      *Counsel for defendant Quicken Loans Inc.*

Kimberly K. Parmer, Esquire
Spilman Thomas & Battle, PLLC
kparmer@spilmanlaw.com
      *Counsel for defendant Quicken Loans Inc.*


**/s/ R. Terrance Rodgers**
R. TERRANCE RODGERS