IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM BISHOP
and JUANITA BISHOP,

   Plaintiffs,

             CIVIL ACTION NO. 2:09-cv-01076
             (Honorable John T. Copenhaver, Jr.)

v.

QUICKEN LOANS, INC.,
ONEWEST BANK, FSB, and
JOHN DOE HOLDER,

   Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF "DEFENDANT ONEWEST BANK, FSB'S MOTION TO DISMISS COUNTS V AND VI OF THE FIRST AMENDED COMPLAINT"

  Plaintiffs William Bishop and Juanita Bishop (hereinafter collectively referred to as "Plaintiffs") have asserted claims in two (2) counts in their *First Amended Complaint* against defendant OneWest Bank, FSB (hereinafter "OneWest").[1] Their claim in Count V of the *First Amended Complaint* is that OneWest failed to provide a written statement of account as purportedly required under W.Va. Code § 46A-2-114(2), which is part of the West Virginia Consumer Credit And Protection Act, W.Va. §§46A-1-101 et.seq. (hereinafter "WVCCPA"). Their second claim, in Count VI, is that they made a written request under the federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. (hereinafter "TILA") for the identity of the current holder of their mortgage loan which was not complied with by OneWest in violation of 15 U.S.C. § 1641(f)(2). This "written request"

---

[1] In their motion seeking to file the *First Amended Complaint*, Plaintiffs stated the purpose of the amendment to their original *Complaint* was to clarify that only Count V, and now the new Count VI, are asserted against OneWest.

was in the form of a discovery interrogatory in the context of this civil action.

As will be discussed below, these Counts fail to state claims upon which relief can be granted against OneWest. Furthermore, since plaintiff Juanita Bishop (hereinafter "Mrs. Bishop") is not signatory to the Note which forms the basis of the claims asserted in Count V and VI, no claims are stated as to her as she is neither a "consumer" under the WVCCPA nor an "obligor" under TILA. Therefore, Counts V and VI of the *First Amended Complaint* must be dismissed and OneWest dismissed as a party defendant in this civil action.

## I. COUNT I FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. HOLA Preempts The Claim Asserted In Count V

W.Va. Code § 46A-2-114(2) requires a creditor, when a request is made by a debtor, to "provide a written statement of the dates and amounts of payments made within the past twelve months and the total amount unpaid." This provision clearly imposes a duty on a creditor and, therefore, a burden to comply in connection with the servicing of a borrower's mortgage loan. When a borrower makes a request within the meaning of the statutory provision, certain information must be compiled into a written statement and provided to the debtor. The information is specific: the written statement must include information on payments made by the debtor within the previous twelve (12) months and it must show the amounts and dates the payments were made, as well as the "total amount unpaid." Since this information can be ascertained only from information generated in the process of servicing the mortgage loan, which includes the acceptance and processing of payments received, it is clear that it is a requirement that attempts to regulate the servicing of mortgage loans. There is no question but that it attempts to impose a reporting requirement

associated with mortgage loan servicing inasmuch as it requires the culling of specific mortgage servicing information in order to comply.

Congress, in enacting the federal Home Owners' Loan Act of 1933, 12 U.S.C. §§ 1461 et seq. (hereinafter "HOLA"), determined that it would give broad authority to the Office Of Thrift Supervision (hereinafter "OTS") to regulate federal savings banks such as OneWest. A full explanation of the history behind the enactment of HOLA is discussed in several cases applying 12 C.F.R. § 560.2 (hereinafter "Regulation"), promulgated by the OTS pursuant to the powers granted it by HOLA, including the decision in State Farm Bank, FSB v. Reardon, 539 F.3d 336 (6th Cir. 2008). After a thorough analysis of the history of HOLA and the Regulation, the State Farm court concluded, as have numerous other courts, that, pursuant to HOLA, the OTS had the power to promulgate the regulation which preempt "the entire field of lending regulation for federal savings associations" so that such associations have "maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation." Id. at 343, quoting 12 C.F.R. § 560.2(a) (hereinafter "Preemption Regulation").

The Preemption Regulation specifically states that federal savings banks "may extend credit as authorized under federal law, including this part, *without regard to state laws purporting to regulate or otherwise affect their credit activities*, except to the extent provided under paragraph (c) of this section . . ." and defines state laws as "including statutes, regulations, ruling, order or judicial decision." Id. (Emphasis added). 12 C.F.R. § 560.2(a).

The Preemption Regulation then outlines *illustrative* areas of law which are preempted, stating that:

the types of states laws preempted by paragraph (a) of this section include, *without*

*limitation*, state laws purporting to impose requirements regarding:

. . .

> (10) Processing, origination, *servicing*, sale or purchase of, or investment or participation in, mortgages;

12 C.F.R. § 560.2(b) (Emphasis added).

The Preemption Regulation explicitly preempts *all* state laws purporting to regulate or effect credit activities and lending operations of federal savings banks in the specified areas. The only exceptions to this broad sweep are certain enumerated laws to the extent that those specifically enumerated laws *only* "incidentally affect the lending operations of Federal savings association. . . ." 12 C.F.R. § 560.2(c). The limited areas of law which are not preempted, so long as they only incidentally impact lending activities, include contract and commercial law and tort law. 12 C.F.R. § 560.2(c)(1) and (4).

The OTS has given a detailed explanation of the operation of the Preemption Regulation, as noted in Silvas v. E*Trade Mortgage Corporation, 514 F.3d 1001 (6th Cir. 2008). If the state law in question "is listed in paragraph (b) . . . the analysis will end there; the law is preempted." 514 F.3d at 1005. If, however, the law is not specifically listed,

> the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can *clearly* be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted *narrowly*. Any doubt should be resolved in favor of preemption.

*Id.* (Emphasis added).

OneWest is a federal savings bank under the supervision of the OTS. See Exhibit A attached to *Defendant Onewest Bank, FSB's Motion To Dismiss Counts V And VI Of The First Amended*

4

*Complaint* (hereinafter "*Motion*").[2] With respect to the claim asserted in Count V of the *First Amended Complaint*, the area of law which W.Va. Code § 46A-2-114(2) attempts to regulate is found squarely in 12 C.F.R. § 560.2(b)(10): it attempts to regulate the servicing of mortgage loans. As stated in Silvas v. E*Trade Mortgage Corporation, *supra*, if the state law in question "is listed in paragraph (b) . . . the analysis will end there; the law is preempted." 514 F.3d at 1005.

Under W.Va. Code § 46A-2-114(2), if a debtor makes a written request for certain information, that information must be supplied. The information to be provided is, without question, servicing information as the information includes all payments, and the dates they were made, for the previous twelve (12) months, as well as the "amount unpaid." This information must be gleaned from servicing information and, if the creditor has subcontracted the servicing, must be provided by the entity which is servicing the mortgage loan. Thus, W.Va. Code § 46A-2-114(2) clearly and unequivocally falls squarely within 12 C.F.R. § 560.2(b)(10), which preempts state laws attempting to regulate the servicing of loans. In the words of Silvas, *supra*, since W.Va. Code § 46A-2-114(2) falls squarely within 12 C.F.R. § 560.2(b)(10), the analysis ends there and the statutory section is preempted.

As Plaintiffs' claim in Count V is preempted, it must be dismissed for failure to state a claim upon which relief can be granted.

    **B.    Plaintiffs' Request Was Not A Request Within The Meaning Of W.Va. Code § 46A-2-114(2)**

W.Va. Code § 46A-2-114(2) requires that "[u]pon written request of a consumer, the person to whom an obligation is owed pursuant to a credit sale, consumer lease or consumer loan . . . shall

---

[2] All Exhibits are attached to, and explained, in the *Motion*. Therefore, hereinafter, they will simply be referred to by their letter designation.

provide a written statement of the *dates and amounts of payments made within the past twelve months and the total amount unpaid.*"[3] (Emphasis added). Plaintiff William D. Bishop's (hereinafter "Mr. Bishop") letter states "[p]lease supply me a detailed account record of the above account together with dates, payments and charges and total amount due." See Exhibit B. However, for several reasons, this letter is not a request within the meaning of W.Va. Code § 46A-2-114(2).

Mr. Bishop's request is not a written request within the meaning of W.Va. Code § 46A-2-114(2) because it does not comport with the request which must be made under W.Va. Code § 46A-2-114(2) for an obligation to respond to arise. The letter could not impose upon OneWest an obligation to respond to it because it asks for information much broader than that outlined in W.Va. Code § 46A-2-114(2). The letter request a "detailed account record" with no limitation as to dates, whereas W.Va. Code § 46A-2-114(2) requires information be provided only for the previous twelve (12) months and *does not* require a detailed account. The letter requests information on "charges," whereas there is no obligation to provide information on charges. The letter requests "total amount due," whereas there is an obligation to provide only "the amount unpaid."

Furthermore, Mr. Bishop's request fails to identify the statutory section under which it is made to alert a creditor, such as OneWest, that this is a request within the meaning of that section to which that law requires a response. Creditors should not have to guess which communications require a response nor should they have to guess whether or not a request falls within a particular statutory requirement when: (1) the request does not comport with the statutory requirement; and (2) does not mention the law pursuant to which it is made.

---

[3] It should also be noted that Count V alleges OneWest failed to provide "an account history" as requested. W.Va. Code § 46A-2-114(2) does not require that an "account history" be provided. For this reason alone, Count V fails to state a claim upon which relief can be granted.

Because a penalty attaches for failure to comply as a consumer is permitted to bring a civil action for a violation and be awarded actual damages, civil money penalties and attorney fees, fairness dictates that a request which is made under this statutory section clearly apprise the creditor that it is a request made within the meaning of a particular statute and that a response is required by that statute. In addition, fairness requires that the request must be tailored to the exact information which the creditor is required to provide. If neither of these requirements are met, such a request is blatantly misleading and designed only to trap a creditor into committing a violation.[4] Thus, W.Va. Code § 46A-2-114(2) must be read as requiring a written request to refer to the statutory section under which it is made as well as to request only the information which a creditor is obligated to provide so that a creditor has fair notice that this request is made pursuant to W.Va. Code § 46A-2-114(2) in order for the request to be deemed a written request within the statutory section. As Mr. Bishop's request failed in both regards and, thus, failed to provide fair notice that their request was made pursuant to W.Va. Code § 46A-2-114(2), it is not a request within the meaning of W.Va. Code § 46A-2-114(2) and, thus, Count V fails to state a claim upon which relief can be granted.

    C.    **W.Va. Code § 46A-2-114(2) Violates Due Process**

        a.    <u>As There Is No Date By Which A Response Must Be Made, W.Va. Code § 46A-2-114(2) Violates Due Process For Vagueness</u>

W.Va. Code § 46A-2-114(2) is absolutely silent as to any time frame by which a response must be made by the creditor, in stark contrast to other statutory sections, such as the federal Real Estate Settlement Practices Act, 12 U.S.C. §§ 2601 et seq. (hereinafter "RESPA") in 12 U.S.C. §

---

[4] Laws are deemed unconstitutionally vague where they fail to "give the person of ordinary intelligence a reasonable opportunity to know what is [required], so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." Grayned v. City Of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972).

2605(b)(2), which provides that notice of transferring of servicing of a mortgage loan must be made not less than fifteen (15) days prior to the effective date of the transfer. Therefore, W.Va. Code § 46A-2-114(2) is void for vagueness as it does not give fair notice as to when the response must be made so as to avoid incurring a penalty.

As observed in Undergraduate Student Association v. Peltason, 367 F.Supp. 1055, 1056 (ND Ill. 1973), "[t]he classic statement of the vagueness doctrine was first made in Conally v. General Constr. Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed.322 (1926)." There, the United States Supreme Court stated that "a statute which either forbids *or requires* the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." 269 U.S. at 391 (emphasis added). "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions [or requirements] are not clearly defined." Grayned *supra*, at 108. There is no question but that W.Va. Code § 46A-2-114(2) requires the doing of an act. Its vagueness consists of the lack of a date by which the response must be made. Without specifying such a date, a creditor has no way of knowing the time by which a response must be made in order to comply with the statute.[5] Thus, the requirements of West Virginia Code § 46A-2-114(2) "are not clearly defined" and it is, therefore, void for vagueness. Accordingly, Count V must be dismissed.

    b.  <u>The Statute Is Unconstitutional Vague In That It Requires A Creditor To Provide Information On "The Amount Unpaid" Without Defining The Term</u>

Furthermore, the statute is unconstitutionally vague by requiring that a creditor provide

---

[5] Of course, to avoid the conclusion that the lack of a response date renders the statute unconstitutional, it could be construed as having no deadline by which a response must be made, meaning OneWest has not violated the West Virginia Code § 46A-2-114(2).

information on "the amount unpaid." A statute is "impermissibly vague if it . . . fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it [requires] . . . ." United States v. National Training and Information Center, 532 F.Supp.2d 946, 956 (N.D.Ill. 2007). The term "the amount unpaid" is susceptible to more than one meaning. Does it mean the amount owed? If so, such an interpretation might, but not necessarily, include more than just the principal balance as it could be interpreted as including such things as unpaid escrow amounts, force-placed hazard insurance and late charges. Does it mean only the principal balance remaining unpaid?[6] If so, unpaid escrow amounts and late charges and other such fees would not be included. Clearly, the statute fails "to provide people of ordinary intelligence an opportunity to understand" because Plaintiffs' own alleged written request demonstrates their confusion. Their request does not ask for "the amount unpaid" but "the total amount due."

It is clear that W.Va. Code § 46A-2-114(2) does not give fair notice to creditors of what is required of them. Because, in the words of Grayned, supra, it fails to "give the person of ordinary intelligence a reasonable opportunity to know what is [required], so that he may act accordingly" and is a statute which "may trap the innocent by not providing fair warning," it is clearly void for vagueness. Id. at 108. Thus, Count V must be dismissed.

II. **COUNT VI FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

   A. **An Interrogatory Posed During Discovery In A Civil Action Is Not A "Written Request" Within the Meaning Of 15 U.S.C. § 1641(f)(2)**

---

[6] OneWest would posit that the term "amount unpaid" seems, most likely, to refer to the unpaid principal balance, especially since the West Virginia Legislature could easily have used the term "amount owed" had it meant to mean the entire debt, including such things as late charges and the like.

9

Plaintiffs served an interrogatory on OneWest asking that OneWest identify the current holder of their mortgage loan. OneWest objected to providing the information as part of the scope of discovery because such information was not relevant to any of the claims asserted in Plaintiffs' original *Complaint*.[7] Plaintiffs now- attempt to bootstrap this discovery request into a "written request" within the meaning of 15 U.S.C. § 1641(f)(2).

In the first instance, the discovery request was served not on OneWest, but on its counsel who is OneWest's agent for the limited purposes of providing a defense in this civil action. That agency authority does not include acceptance of TILA requests. Thus, a request was *not* made to OneWest

---

[7]Plaintiffs propounded several discovery requests for irrelevant information. For example, Plaintiffs, in their motion to compel certain discovery responses, contend other discovery, to which OneWest objected as irrelevant, should be compelled because it would perhaps lead to a discovery of the identities of others who may have participated in the wrongs asserted. However, as OneWest demonstrated in its response to Plaintiffs' motion to compel, the claim of relevancy is a sham because Plaintiffs already have before this Court the originator of their mortgage loan who purportedly committed all the origination wrongs alleged.

At the time that OneWest responded to Plaintiffs' discovery requests, no claim for alleged violation of 15 U.S.C. § 1641(f)(2) for failure to identify the current holder of Mr. Bishop's current mortgage loan had been asserted, for the obvious reason that Plaintiffs' alleged claim did not arise until OneWest served its responses. Thus, the only possible reason for needing the identity of that current holder at that time would have been to join that current holder as a party defendant because of the request that Mr. Bishop's current mortgage loan be declared void and unenforceable, a claim that Plaintiffs assert would make that current holder a party in interest in this civil action who must be joined.

However, because Mr. Bishop's current mortgage loan is a secured loan, such relief is not available under the WVCCPA. *Memorandum Opinion And Order* entered April 12, 2007, Byrd v. Option One, Civil Action No. 2:04-1058, United States District Court, Southern District Of West Virginia (Copenhaver, Judge). The WVCCPA provides that if a loan is a secured loan, it may not be declared void. "[T]his remedy [of cancellation] is not available for secured debts...." Wygal v. Litton Loan Servicing, 2009 WL 2524701 (S.D.W.Va. August 18, 2009), at *4. Therefore, at the time that OneWest responded to Plaintiffs' discovery requests, there clearly was not any basis for joining the current holder of Mr. Bishop's current mortgage loan as a party defendant in this civil action and, therefore, that current holder's identity did not have any relevance to the claims then asserted in this civil action. Accordingly, OneWest properly objected to the discovery request seeking the identity of that current holder.

under TILA. *See* In Re Payne, 387 B.R.614 (D.Kan. 2008) (attorney representing lender in bankruptcy adversarial proceeding is not agent for purposes of accepting RESPA qualified written request).

Second, to construe a discovery request for the identity of a holder as a TILA request would open the door to Congressional control over discovery that traditionally has been the purview of the courts. It would tantamount to saying that the courts would no longer have full authority to determine what is and is not discoverable evidence because an unending number of Congressional mandates could be incorporated into discovery requests with absolutely no bearing on the issues at hand with which a party must comply on pain of violating some totally unrelated federal statute. For example, if a debtor sued his bank for injuries received by falling on a slippery substance on the bank floor and, as part of discovery, posed a RESPA or TILA request as an interrogatory, the court would have no authority to determine that the discovery sought was irrelevant and need not be provided because failure to provide the information - relevant or not - would be deemed a violation of RESPA or TILA. Quite simply, it would be permitting Congress to usurp the court's authority to determine what is, and is not, relevant evidence which is discoverable in a given case.[8]

OneWest also requests that this Court consider the issues raised in In re Pariseau, 395 B.R. 492 (M.D.Fla. 2008), a case which considered whether a proof of claim filed in a bankruptcy case could serve as a basis for a Florida consumer credit and protection claim. Noting the potential for

---

[8] While Congress has the plenary power to statutorily supersede any or all of the federal rules of civil procedure, "unless the congressional intent to do so clearly appears, subsequently enacted statutes ought to be construed to harmonize with the Rules, if feasible." United States Of American v. Gusin-Bacon Division, Certainteed Products Corporation, 426 F.2d 539 (1970). There is no clear congressional intent that a discovery request is also to serve as a written request under TILA. The harmonizing construction is that discovery requests are to be treated as just that during the course of litigation - discovery requests and nothing more.

a "floodgate of litigation" as well as the right of a creditor to file a proof of claim as a core fundamental in bankruptcy, the court observed that to predicate a claim upon a court filing such as a proof of claim would "chill a creditor's rights in the bankruptcy process." *Id.* at 495. Likewise, to predicate a TILA claim such as the one asserted herein upon a response to discovery which a party has a fundamental right to challenge for relevancy would "chill a [litigant's] rights in the [judicial] process."

Plaintiffs' claim in Count VI fails to state a claim upon which relief can be granted for the simple reason that an interrogatory served on OneWest's attorney in the course of discovery does not constitute a "written request" sent to OneWest within the meaning of 15 U.S.C. § 1641(f)(2). Therefore, Count VI must be dismissed.

        **B.**    **Because 15 U.S.C. § 1641(f)(2) Fails To State A Time By Which Information On The Holder Must Be Provided, It Is Impermissibly And Unconstitutionally Vague**

Plaintiffs contend that they made a request for information on the holder of their mortgage loan pursuant to 15 U.S.C. § 1641(f)(2). However, like W.Va. Code § 46A-2-114(2), it provides no time by which such information must be provided. Similarly, like W.Va. Code § 46A-2-114(2), a penalty attaches for violations pursuant to 15 U.S.C. § 1640(a). Again, however, those who must comply are given absolutely no indication of the time frame within which a response is required before the penalty attaches. They must guess as to when a response is due and hope that their guess is deemed to have complied. It is not as though Congress does not know how to provide deadlines. In the exact same statutory section, a time frame by which certain information, regarding the transferring of the servicing of loans, must be provided to the debtor is explicitly provided. Under Peltason, *supra*, and Conally, *supra*, and Grayned, *supra*, 15 U.S.C. § 1641(f)(2) is

unconstitutionally vague. Therefore, Count VI fails to state a claim upon which relief can be granted and, accordingly, must be dismissed.

### III. PLAINTIFF JUANITA BISHOP HAS NO CLAIMS AGAINST ONEWEST

As stated previously, Mrs. Bishop did not sign the Note creating the indebtedness for the December 15, 2006 mortgage loan which forms the basis of her claims against OneWest. See Exhibit D. Therefore, she is not a "consumer" within the meaning of the WVCCPA and, thus, has no claim to assert under W.Va. Code §46A-2-114(2).

For purposes of the WVCCPA, a "consumer" is defined as a "natural person who incurs debt pursuant to consumer credit sale or consumer loan or debt or other obligation pursuant to a consumer lease." W. Va. Code § 46A-1-102(1). Although she is a natural person, Mrs. Bishop did not incur a debt because she did not sign the Note. Thus, because Mrs. Bishop is not a "consumer" under the WVCCPA, she is not entitled to assert the claim she seeks to assert in Count V. Therefore, as to Mrs. Bishop, Count V does not state a claim upon which relief can be granted against OneWest for the additional reason that she is not a "consumer." Accordingly, Mrs. Bishop's claim in Count V must be dismissed as to her.

Likewise, even assuming the discovery request served as a "written request" under 15 U.S.C. § 1641(f)(2), only an "obligor" is entitled to make a written request and receive a response. While "obligor" is not defined in TILA, Black's Law Dictionary defines the word as "[o]ne who has undertaken an obligation; a promisor or debtor." Black's Law Dictionary, 8th Edition (2004). Furthermore, the entirety of 15 U.S.C. § 1641(f)(2) concerns "consumer obligations arising from a consumer credit transaction." Under 15 U.S.C. § 1602(h) when "consumer" is used as an adjective with "credit transaction," a "consumer credit transaction" is defined as a transaction "in which the

13

party to whom credit is offered or extended is a natural person . . . ." "Credit" is defined in 15 U.S.C. § 1602(e) as "the right granted by a creditor to a debtor to deter payment of a debt or to incur debt and defer its payment." Clearly, to be an "obligor," one must have incurred debt or had credit extended. Since there was no debt incurred by Mrs. Bishop and no credit extended to her, there is no "consumer credit transaction" to which 15 U.S.C. § 1641(f)(2) would apply. Not being a consumer, she had no right to make a written request under 15 U.S.C. § 1641(f)(2) or to receive a reply. Therefore, Count VI fails to state a claim upon which relief can be granted to Mrs. Bishop and, for that reason, as well as the other reasons discussed above, must be dismissed as to her.

WHEREFORE, OneWest respectfully requests that this Court grant its *Motion*, dismiss the claims asserted in Counts V and VI of the *First Amended Complaint*, and dismiss OneWest as a party defendant in this civil action.

ONEWEST BANK, FSB,

Defendant,

BY COUNSEL,

**/s/ R. Terrance Rodgers**
R. TERRANCE RODGERS (WV Bar No. 3148)
ALLEN GUTHRIE & THOMAS, PLLC
P. O. Box 3394
Charleston, West Virginia 25333-3394
(304) 345-7250/telephone
(304) 345-9941/telefax
rtrodgers@agmtlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

WILLIAM BISHOP
and JUANITA BISHOP,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:09-cv-01076
                                         (Honorable John T. Copenhaver, Jr.)

QUICKEN LOANS, INC.,
ONEWEST BANK, FSB, and
JOHN DOE HOLDER,

        Defendants.

## CERTIFICATE OF SERVICE

      I, R. Terrance Rodgers, counsel for defendant OneWest Bank, FSB, do hereby certify that service of the foregoing *Memorandum Of Law In Support Of "Defendant OneWest Bank, FSB's Motion To Dismiss Counts V And VI Of The First Amended Complaint"* has been made upon counsel for plaintiffs William Bishop and Juanita Bishop, and upon counsel for defendant Quicken Loans Inc., by using the CM/ECF system, which will send notification of such filing, on this the 26th day of April, 2010, as follows:

      Cynthia A. Majestro, Esquire
      Mountain State Justice, Inc.
      cynthia@msjlaw.org
            *Counsel for plaintiffs William Bishop and Juanita Bishop*

      Daniel F. Hedges, Esquire
      Mountain State Justice, Inc.
      dan@msjlaw.org
            *Counsel for plaintiffs William Bishop and Juanita Bishop*

Bruce M. Jacobs, Esquire
Spilman Thomas & Battle PLLC
bjacobs@spilmanlaw.com
    *Counsel for defendant Quicken Loans Inc.*

Nicholas P. Mooney II, Esquire
Spilman Thomas & Battle PLLC
nmooney@spilmanlaw.com
    *Counsel for defendant Quicken Loans Inc.*

Kimberly K. Parmer, Esquire
Spilman Thomas & Battle PLLC
kparmer@spilmanlaw.com
    *Counsel for defendant Quicken Loans Inc.*

**/s/ R. Terrance Rodgers**
R. TERRANCE RODGERS