IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| WILLIAM BISHOP ) | |
| and JAUNITA BISHOP, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil Action No. 2:09-cv-01076 |
| ) | (Honorable John T. Copenhaver, Jr.) |
| QUICKEN LOANS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION OF
THE UNITED STATES FOR LEAVE TO INTERVENE**

The United States of America submits this memorandum in support of its motion to intervene in this action to defend the constitutionality of 15 U.S.C. § 1641(f)(2). That statute of the United States is challenged in *Defendant OneWest Bank, FSB's Motion to Dismiss Counts V and VI of the First Amended Complaint* filed herein on April 26, 2010 (Doc. 46).

Rule 5.1 of the Federal Rules of Civil Procedure requires a party who files a motion drawing into question the constitutionality of a federal statute to promptly file a notice of constitutional question stating the question and identifying the paper that raises it and to serve that notice on Attorney General of the United States.  Counsel for defendant OneBank, FSB filed such a notice (Doc. 49) and served it on the Attorney General by certified mail on letter dated April 26, 2010.

The Office of Consumer Litigation of the Department of Justice is responsible for litigation involving the Truth in Lending Act, of which the 15 U.S.C. 1641(f)(2) is a part.  Rule 5.1(c) grants the United States 60 days to seek to intervene from the filing of the notice of

constitutional question, in this case at least through and including June 26, 2010. If need be, the Court is authorized to provide more time. See Rule 5.1 advisory committee notes, 2006 adoption, para. 4 (providing that the Court may extend the time "either on its own or on motion."). Under Fed. R. Civ. P. 5.1(c), the court is permitted to reject defendant's constitutional challenge to the statute without any delay, but the court cannot enter a final judgment holding the statute unconstitutional before the United States' time to intervene expires.

Any final decision on whether the United States will participate in this action will be made by the Solicitor General. See 28 C.F.R. § 0.21 (providing in full that, "The Solicitor General may in consultation with each agency or official concerned, authorize intervention by the Government in cases involving the constitutionality of acts of Congress."). The undersigned counsel in the Office of Consumer Litigation will review all relevant papers in this matter and will prepare a recommendation to the Solicitor General concerning intervention. The process of preparing recommendations for the Solicitor General's Office and receiving that office's decision on whether to intervene and defend the constitutionality of a statute typically requires up to 60 days.

Pending the Solicitor General's decision, and in order to protect the interest of the United States, the United States is now moving to intervene in this action to defend the constitutionality of 15 U.S.C. § 1641(f)(2). The United States will advise the court immediately of the Solicitor General's final determination on intervention by the United States.

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

TONY WEST
Assistant Attorney General
Civil Division
U.S. Department of Justice

R. BOOTH GOODWIN II
United States Attorney

 s/ Gary L. Call
GARY L. CALL
Assistant United States Attorney
WV State Bar No. 589
Post Office Box 1713
Charleston, West Virginia 25326
Tel:  (304) 345-2200
Fax: (304) 347-5440
E-mail: gary.call@usdoj.gov

EUGENE M. THIROLF
Director, Office of Consumer Litigation

KENNETH L. JOST
Deputy Director, Office of Consumer Litigation

  s/ Gerald C. Kell
GERALD C. KELL
Senior Trial Counsel
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, DC  20044-0386
Telephone: (202) 514-1586
Facsimile: (202) 514-8742
E-mail: gerald.kell@usdoj.gov