```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

WILLIAM BISHOP
and JUANITA BISHOP,

    Plaintiffs,

v.                                    CASE NO. 2:09-01076

QUICKEN LOANS, INC,
ONEWEST BANK, FSB, and
DEUTSCHE BANK NATIONAL TRUST,

    Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


    Pending are (1) the objection, filed June 1, 2010, of defendant OneWest Bank, FSB ("OneWest") to an order ("appealed order") by the Honorable Mary E. Stanley, United States Magistrate Judge; (2) the motion of the United States for leave to intervene, filed June 23, 2010; and (3) the motion of defendant Deutsche Bank National Trust ("Deutsche Bank") for a protective order to stay discovery, filed July 6, 2010.


                           I.


    On March 23, 2010, plaintiffs moved to compel defendant OneWest, the servicer of their home mortgage loan, to produce information concerning every communication between OneWest and

plaintiffs, as well as copies of certain documents relating to the servicing of plaintiffs' loan. On May 17, 2010, the magistrate judge granted in part and denied in part plaintiffs' motion, compelling OneWest to produce "an account history reflecting dates, payments, charges and the total amount due under the loan," to be updated quarterly. (App. Ord. 4-5). As explained in more detail below, OneWest objected on June 1, 2010, contending that the magistrate judge clearly erred in compelling production of information that exceeded the scope of plaintiffs' claims against OneWest.

## II.

A. Discovery Appeal

Federal Rule of Civil Procedure 72(a) governs appeals from rulings of a magistrate judge on nondispositive matters and provides as follows:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. Proc. 72(a) (emphasis added).  The United States Court of Appeals for the Tenth Circuit has observed as follows:

> Rule 72(a), and its statutory companion, see 28 U.S.C. § 636(b)(1), place limits on a party's ability to seek review of a magistrate judge's non-dispositive order. . . .
>
> In [sum] . . . , the district court was required to "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law."

Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) (emphasis added)(quoted authority omitted).

A decision is clearly erroneous when, following a review of the entire record, a court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).  A decision is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp.2d 1087, 1093 (N.D. Iowa 2008).

OneWest objects to the appealed order only insofar as it compels production of "an account history reflecting dates, payments, charges and the total amount due under the loan," to be updated quarterly.  (App. Ord. At 4-5).  OneWest's principal contention is that the appealed order compels the production of

materials not relevant to plaintiffs' claims against OneWest and is thus clearly erroneous and contrary to law.  Specifically, OneWest first asserts that information concerning, for example, plaintiffs' payments and the total amount due under their loan is beyond the scope of their claims that OneWest (1) failed to provide an account history in response to their written request of April 2, 2009, and (2) failed to disclose the name and address of the holder of their loan.  OneWest further maintains that the appealed order effectively resolves, as a matter of law, a disputed issue in the case, namely, whether plaintiffs' April 2, 2009, letter constitutes a "qualified written request," thereby triggering OneWest's obligation to provide an account history.

      Notwithstanding OneWest's objection, the court is unable to discern any error in the magistrate judge's ruling.  Although the information at issue in the appealed order may well be beyond the scope of plaintiffs' claims against OneWest, such information is relevant to the unconscionable contract, illegal loan, and fraud claims asserted by plaintiffs against the other defendants.  An account history reflecting the total amount due under plaintffs' loan, for instance, is relevant to their allegation that certain of the defendants persuaded them to enter an unconscionable contract.  Inasmuch as Federal Rule of Civil

Procedure 26 specifically contemplates "discovery regarding any nonprivileged matter that is relevant to <u>any party's</u> claim or defense," Fed. R. Civ. P. 26(b)(1) (emphasis added), the magistrate judge correctly concluded that an account history was within the scope of discovery, <u>see also</u> <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment.  No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case.  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." (footnote omitted)).  OneWest has not demonstrated that the appealed order is clearly erroneous or contrary to law.  The court, accordingly, ORDERS that the appealed order be, and it hereby is, affirmed.

B.  Intervention

On June 23, 2010, the United States moved for leave to intervene in this case to defend 15 U.S.C. § 1641(f)(2), the constitutionality of which certain of the defendants have challenged in their various motions to dismiss.

Rule 24(a) governs an entity's intervention of right into an existing civil action, providing that, on timely motion,

a court must permit anyone to intervene who "is given an unconditional right to intervene by a federal statute."  Fed. R. Civ. P. 24(a)(1).  Inasmuch as the United States has an unconditional right to intervene "[i]n any action, suit or proceeding in a court of the United States . . . wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question," 28 U.S.C. § 2403(a), and inasmuch as no party opposes intervention by the United States, the court concludes that the United States has made the minimal showing required of it for intervention as of right pursuant to Rule 24(a)(1).  The court, accordingly, ORDERS that the motion for leave to intervene be, and it hereby is, granted.

C.  Discovery Stay

On July 6, 2010, defendant Deutsche Bank moved this court for a protective order to stay discovery in advance of a ruling on its motion to dismiss.  Deutsche Bank contends that its pending motion to dismiss may be decided on its face without additional information, possibly obviating any need to conduct costly discovery.

Rule 26(c) provides pertinently that, upon timely motion by a party,

6

> [t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1)(A), (B). Importantly, the Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. See Thigpen v. United States, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . . . Trial courts . . . are given wide discretion to control this discovery process . . . .").

Inasmuch as the pending motion to dismiss challenges only the legal sufficiency of plaintiffs' claims, and inasmuch as no party opposes Deutsche Bank's motion for a protective order to stay discovery, the court concludes that stay of discovery in advance of a ruling on the pending motion to dismiss is warranted. The court, accordingly, ORDERS that the motion for a protective order to stay discovery be, and it hereby is, granted. It is further ORDERED that this civil action be, and it hereby is, stayed and retired to the inactive docket pending the further order of the court.

IV.

Based on the foregoing, the court, accordingly, ORDERS as follows:

1. That the appealed order of the magistrate judge be, and it hereby is, affirmed;

2. That the motion of the United States for leave to intervene be, and it hereby is, granted; and

3. That the motion of defendant Deutsche Bank for a protective order to stay discovery be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: August 23, 2010

John T. Copenhaver, Jr.
United States District Judge